Chief Justice Robertson
delivered the Opinion of the Court.
Edwin Trimble having in his hands two hundred and thirty seven dollars, which had been drawn for Joseph Ford, on account of a pension allowed to him under the act of Congress of 1832—Thomas Price, a judgment creditor of Ford, filed a bill in chancery for the subjection of a portion of the fund to the satisfaction of his judgment for about fifty dollars, and costs.
Ford, in his answer in the nature of a cross bill against Trimble, assented to the relief sought by the bill, and prayed a decree against Trimble, for the residue of the money in his possession.
Trimble, in answer to the original bill, denied that any portion of the two hundred and thirty seven dollars was the property of Ford; and, in answer to the cross bill, insisted that he was entitled to retain the whole sum, for the following reasons: first—that he had, *518 prior to the allowance of the pension, been employed by Ford to prepare his petition and proofs for the War Department, for the consideration of the “ first draw,” excepting twenty dollars thereof; and he exhibited an agreement in writing, between Ford and himself, to that effect. Second. That he had faithfully and successfully executed his own undertaking as attorney. Third. That he had advanced to Ford ten dollars, and accepted an order from him for twenty two dollars and fifty cents, which, therefore, he would be bound to pay; and, fourth—that the sum of two hundred and thirty seven dollars, then in his hands, was the amount due at the date of the certificate of pension; and was, therefore, in his opinion, “ the first draw,” according to the intention of the contract.
The terms “the first draw,” — the compensation which a pensioner agreed to allow an agent for procuring a pension—construed to mean the first annuity—not including the arrearages due by the retrospective operation of the act.
The advance of the ten dollars, and the acceptance of the order for twenty two dollars and fifty cents, having been proved as alleged in the answer, the Circuit Court, on the final hearing of the cause, dismissed Price’s bill, because—as the act of Congress declares that no money, due for any pension which shall have been allowed under its provisions, shall be subject to execution or attachment—Price was not, in the opinion of the Judge, entitled to any decree, even though Ford had assented to his having one, and seemed also to insist on it in his answer; and the Court, also, being of the opinion, that “ the first draw” should be understood as being the first annuity, which was seventy nine dollars, decided that Trimble was entitled to that sum, and no more, under the contract; and therefore, after deducting the seventy nine dollars, and the ten dollars, and the twenty two dollars and fifty cents, decreed that Trimble should pay to Ford one hundred and eleven dollars and fifty cents, the ascertained residue of the two hundred and thirty seven dollars.
Trimble alone now complains of that decree.
According to the common law, as enforced in Courts of mere law, a chose in action was not assignable; and Courts of equity, in upholding most of such assignments, for the benefit of trade, never made any innovation on the strict common-law rule, so far as salaries, civil and *519 miltary, may be concerned; and the same principle of policy is expressly applied to military pensions, by Congressional legislation against the assignability of any interest in such a pension. Wherefore, an assignment of any such interest should be deemed invalid in a court of equity, as well as in a court of law. Such contracts are considered inconsistent with the public interest and the public bounty.
Whether a lawyer, or a citizen, shall charge a fee for assisting an old soldier in preparing documents for obtaining the benefit of his country’s legal gratitude, is a question rather of feeling than of law, or even commonplace morality. And we have no doubt that a claim of reasonable compensation, for actual and useful service, even in such a cause, would be perfectly consistent with the laws of the land. Such exorbitant and devouring contracts as are, but too often, extorted fraudulently, or dishonorably, from ignorance and want, should, however, be condemned as rapacious, by the ministers of the law, as well as by a magnanimous and upright public opinion; and should be disregarded whenever they shall exhibit intrinsic evidence of fraud or oppression.
Without determining, however, in this case, whether the contract set up by the appellant, should be construed as a virtual assignment of an interest in the pension, which would therefore be unavailing, we are clearly of the opinion that he has no just right to complain of the decree of the Circuit Court; because we feel satisfied that the agreement should be construed as meaning by “ the first draw,” the first annuity only—and the more especially as the sum of two hundred and seventeen dollars, when compared with the nature and value of the service actually rendered, and with the amount and probable duration of the pension itself, appears to be not only unreasonable, but enormous.
We are, therefore, of the opinion that the appellant is certainly not entitled to more than the decree allowed him to retain.
Wherefore, the decree is affirmed.